IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCADIO GOMEZ NAVARRO,<br><br>    Petitioner,<br><br>    v.<br><br>ALBERTO R. GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary for the Department of Homeland Security,<br><br>    Respondents. | NO. C05-5107 TEH<br><br><u>ORDER CONSTRUING MOTION TO DISMISS AS A MOTION TO DISMISS OR TRANSFER AND TRANSFERRING THE HABEAS PETITION TO THE DISTRICT OF ARIZONA</u> |

This matter came before the Court on Monday, March 20, 2006, on Respondents' motion to dismiss for improper venue Petitioner's petition for a writ of habeas corpus. Having carefully considered the parties' papers and oral arguments, the Court construes Respondents' motion to dismiss as a motion to dismiss or transfer and ORDERS the transfer of the petition to the District of Arizona under 28 U.S.C. sections 1406(a) and 1631 for the reasons set forth below.

I.    <u>BACKGROUND</u>

Petitioner is a citizen of Mexico who entered the United States ("U.S.") as an immigrant in 1970. Pet. at 2:12-13. In 1989, Petitioner pled guilty to rape by force or fear in California state court, in Santa Cruz County. *Id*. at 3:7-8, 3:23-25. The events giving rise to the rape conviction occurred when Petitioner was nineteen years old and he served three

years and seven months in prison. *Id.* Prior to the removal proceedings, Petitioner lived with his family in Watsonville, California (within the Northern District). Ex. B to Pet.

In 2004, the Department of Homeland Security ("D.H.S.") instituted removal proceedings against Petitioner on the ground that he is an alien previously convicted of an aggravated felony within the meaning of 8 U.S.C. section 1101(a)(43)(A) & (F). Pet. at 3:9-12; Ex. N to Pet. In July 2004, an Immigration Judge ("I.J.") in Eloy, Arizona ordered Petitioner's removal from the U.S. Pet. at 5:9-14. Petitioner sought review of the I.J.'s order but the Board of Immigration Appeals dismissed the appeal. *Id.* at 5:15-16. An appeal of the removal order is currently before the Ninth Circuit, which has issued a stay of removal pending review of Petitioner's appeal.[1] *Id.* at 5:18-19.

Since April 2004, Petitioner has been detained at the Eloy Detention Facility ("E.D.F.") (within the District of Arizona). Mot. at 1:27-28; Ex. B to Pet. In July 2004, Petitioner submitted documentation to D.H.S. requesting his release or reasonable bond under 8 U.S.C. section 1231(a)(6). Pet. at 6:24-25; Ex. B to Pet. The request was denied. Pet. at 7:1-3.

On December 9, 2005, Petitioner filed a petition for writ of habeas corpus in this Court, alleging that Respondents are unlawfully detaining him in violation of 8 U.S.C. section 1231(a)(6) because they have interpreted that section as permitting indefinite detention. *Id.* at 7:10-12. Petitioner asks this Court to assume jurisdiction of the matter and order Respondents to release Petitioner from their custody under an order of supervision. *Id.* at 10:3-6.

Respondents now move to dismiss the habeas petition for improper venue. Respondents assert that under 28 U.S.C. section 2241(a) and the "district of confinement" rule, the proper district is the District of Arizona because Petitioner is being detained at E.D.F. Petitioner responds that the proper venue is the Northern District of California

---

[1] The REAL ID Act of 2005, enacted on May 11, 2005, vests circuit courts with subject matter jurisdiction over challenges to removal orders as the "exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C. § 1252(a)(5).

2

because 28 U.S.C. section 2241(a) does not contain a specific venue provision applicable to this case and traditional venue considerations apply and militate in favor of this district. Opp'n. at 1.  Because neither party addressed the issue of transfer in their papers, this Court issued a supplemental order on March 13, 2006, ordering the parties to be prepared to address the issue during oral argument.  The Court heard oral arguments on the motion to dismiss and the issue of transfer on March 20, 2006.

## II. LEGAL STANDARD

In 2004, the Supreme Court endorsed the "district of confinement" rule, stating that "[t]he plain language of [28 U.S.C. section 2241(a)] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla v. Rumsfeld*, 542 U.S. 426, 443 (2004). *Padilla*, however specifically concerned an enemy combatant, not an immigrant detainee.  It also did not explicitly overrule a 1973 Supreme Court case, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), which held that traditional venue considerations apply to habeas petitions.  As one court has noted, "Supreme Court precedent [set forth in *Braden*] establishes that traditional venue doctrines are fully applicable" to habeas petitions brought pursuant to 28 U.S.C. section 2241.  *Henderson v. I.N.S.*, 157 F.3d 106, 127 (2d Cir. 1998).  Traditional venue considerations include, but are not limited to, where (1) "the material events took place," (2) where the "records and witnesses pertinent to petitioner's claim are likely to be found," and (3) whether the forum is convenient for the parties. *Braden*, 410 U.S. at 493-94.  Since the tension between *Padilla* and *Braden* has not been resolved in immigrant detainee cases, this Court will apply both the "district of confinement" rule and the traditional venue standard.  As discussed below, the Court finds that under either standard, venue is proper in the District of Arizona.

As to transfer, 28 U.S.C. section 1406(a) sets forth that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been

3

1  brought." 28 U.S.C. § 1406(a). In addition, 28 U.S.C. section 1631 explains that
2  "[w]henever a civil action is filed . . . and th[e] court finds that there is a want of jurisdiction,
3  the court shall, if it is in the interest of justice, transfer such action . . . to any other such court
4  in which the action . . . could have been brought at the time it was filed or noticed . . . ." 28
5  U.S.C. § 1631. This Court determines that transfer is appropriate under both of these statutes
6  as provided below.

## III.  DISCUSSION

In this case, Petitioner named the Attorney General and the Secretary of D.H.S. rather than his immediate custodian as the respondents. The law is currently unsettled as to the proper respondent in a case such as this.[2] Since Petitioner's immediate custodian is in Arizona, but Petitioner prefers to have the petition heard in California, Petitioner named the Attorney General and the Secretary of D.H.S. as respondents, and argues that traditional venue considerations cut in favor of this district. This Court does not need to resolve the issue of whether Petitioner has named the proper respondent, however, because the government is not challenging Petitioner's choice of respondent. Rather, it accepts for

---

[2] Generally, a habeas petitioner challenging his physical custody should name his "immediate custodian" as the respondent. *Padilla*, 542 U.S. at 435. However, it is unclear whether the Attorney General or the immediate custodian is the "proper respondent to a habeas petition filed by an alien detained pending deportation." *Id*. at 436 n.8 (noting that "lower courts have divided on this question" and citing six circuit cases including a Ninth Circuit case that later was withdrawn: five of the cases holding that the Attorney General is not the proper respondent; the Ninth Circuit case holding that the Attorney General is a proper respondent).

In the prisoner context, courts are generally uniform in holding that the Attorney General is not the proper respondent. *See Vasquez v. Reno*, 233 F.3d 688, 691 (1st Cir. 2000) (noting that "a number of courts have specifically rejected the argument that a [prisoner]'s proper custodian for habeas purposes is the Attorney General"). But, "the case law concerning the identify of the proper respondent to habeas petitions brought by detained aliens is much more sparse and far less coherent." *Id*.

It may be that this question has been resolved by the REAL ID Act of 2005, which names the Attorney General as the proper respondent to challenges to removal orders. 8 U.S.C. § 1252(b)(3)(A). The five cases (other than the Ninth Circuit case that since has been withdrawn) that were cited by the Court in *Padilla* were challenges to removal/deportation orders and not to present physical confinement. *See Armentero v. INS*, 412 F.3d 1088, 1099 (9th Cir. 2005) (Berzon, J., dissenting).

4

1 purposes of this motion that the respondents are the Attorney General and the Secretary of
2 D.H.S. and argues, as discussed below, that venue is still improper here under both the
3 "district of confinement" rule and traditional venue considerations.[3]

A. <u>Application of the "district of confinement" rule</u>

28 U.S.C. section 2241(a) empowers district courts to grant writs of habeas corpus "within their respective jurisdictions."[4]  This language reinforces the "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443; *cf. Braden*, 410 U.S. at 494, 499 (rejecting notion that habeas petitions must be brought in the district of confinement but acknowledging that "in many instances the district in which petitioners are held will be the most convenient forum for the litigation of their claims").  This "district of confinement" rule weighs against finding that venue is proper here. *See, e.g., Tenreiro v. Ashcroft*, 2004 U.S. Dist. LEXIS 14005, at *3-4 (D. Or. July 12, 2004) (holding, post-*Padilla*, that the district court lacked habeas jurisdiction because an alien challenging his detention must file in the place of his confinement).  Petitioner is being held at E.D.F. in Eloy, Arizona, where the

---

[3] While a court normally considers personal jurisdiction in advance of venue, "both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties." *Leroy v. Great Western Union Corp.*, 443 U.S. 173, 180 (1979).  Because they are not primary in the sense of subject matter jurisdiction, **"when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue."** *Id*. **This is such a case where prudential considerations point to deciding venue first, particularly since the respondent issue is in a state of flux and Respondents have only raised venue as a grounds for dismissal.**

[4] While it is unclear exactly what "jurisdiction" means and the term "is capable of different interpretations," the Supreme Court has used "it in the sense that is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court." *Padilla*, 542 U.S. at 434 n.7.  This does not necessarily answer what "jurisdiction" means, since it is unclear what "jurisdiction" refers to in the context of the habeas statute.  But, what is clear is that it is "not jurisdictional in the sense of a limitation on subject-matter jurisdiction." *Id*. at 451 (Kennedy, J., concurring).  Rather, "the phrase 'respective jurisdictions' . . . establish[es] a territorial restriction on the proper forum for habeas petitions . . . ." *Id*. at 452.

5

removal proceedings took place and where Petitioner has been detained since April 2004. Accordingly, under the "district of confinement" rule, venue lies in the District of Arizona.

B.     Application of traditional venue considerations

Petitioner argues that traditional venue considerations apply because 28 U.S.C. section 2241 does not contain a specific venue provision.[5] Assuming for purposes of discussion that the "district of confinement" rule does not foreclose this argument, Respondents correctly point out that traditional venue considerations still cut against this Court hearing the case.[6] As discussed above, traditional venue considerations include, but are not limited to, (1) where "the material events took place," (2) where the "records and witnesses pertinent to petitioner's claim are likely to be found," and (3) whether the forum is convenient for the parties. *Braden*, 420 U.S. at 493-94.

Here, these factors clearly weigh in favor of finding that venue properly lies in the District of Arizona. First, the government has detained Petitioner at E.D.F. since April 2004, and the removal proceedings and subsequent events took place in Eloy.[7] Similarly, the

---

[5] Petitioner misquotes from *Braden* in asserting that: "The Supreme Court has made clear that court[s] should apply 'traditional venue considerations in habeas proceedings where venue is not fixed by statute.'" Opp'n at 1 (quoting *Braden*, 410 U.S. at 493). A review of *Braden* reveals that the Supreme Court never made such a statement in the case, nor has it made such a statement in any other case.

[6] It is unclear whether *Padilla* forecloses this argument because the language of *Padilla* as to the "district of confinement" rule speaks in broad terms and does not appear to distinguish between petitions brought by prisoners, enemy combatants, and aliens who challenge their present physical confinement. On the other hand, *Padilla* does not explicitly overrule the principle that traditional venue considerations apply to habeas petitions, set forth in *Braden*, 410 U.S. at 493, 500.

[7] At oral argument, Petitioner's lawyer asserted that the material events took place in this district because the "I-862 charging document" issued from San Jose, California, and that this was the only decision made as to Petitioner's detention. A review of this document reveals that this is Petitioner's "notice to appear" for removal proceedings. *See* Ex. N to Pet. (explaining the grounds for removal from the U.S. and ordering Petitioner to appear before an immigration judge at a location to be determined and showing that the document was received by the Department of Justice on April 23, 2004, in Eloy, Arizona). While it is true that the charging document issued from California, all that this document does is set in motion the removal proceedings. As discussed above, all of the material events surrounding the detention took place in Arizona, not California. Moreover, other exhibits attached to the petition for writ of habeas corpus show that the material events surrounding the detention

6

1   administrative files likely are located in Arizona. As Respondents point out, "any witnesses
2   and records regarding his detention are located in Arizona, not California." Reply at 2:14-15.
3   As to the parties' convenience, Petitioner's lawyer, Martin Resendez Guajardo ("Guajardo"),
4   argues that "Petitioner would be severely disadvantaged by having to bring a habeas
5   proceeding in Arizona since his counsel maintains an office in San Francisco, California and
6   has expended extensive efforts on this matter in the Northern District." Opp'n at 2. Yet,
7   Guajardo does not explain what efforts have been expended here other than filing this
8   petition.

9   Further, Petitioner's argument is undercut by the fact that Guajardo appeared before
10  the I.J. in Eloy, Arizona, for the removal proceedings. *See* Ex. K to Pet. at 7:11-13
11  (transcript of removal hearing held on July 22, 2004, showing that Guajardo is "in court
12  representing" Petitioner). This indicates that Guajardo is capable of traveling to Arizona.
13  Petitioner also had local counsel (which presumably he still can employ) in Arizona who
14  represented him at the removal proceedings. *See id.* (showing that local counsel is "in court
15  representing" Petitioner); Ex. L to Pet. at 3:5-7 (transcript of removal hearing held on May
16  18, 2004, showing that local counsel is Petitioner's "attorney of record"). In fact, Petitioner
17  sought a change of venue (presumably to the Northern District) during the removal
18  proceedings, but the I.J. denied the motion because Petitioner had local counsel. *See* Ex. K
19  to Pet. at 14:4-20 (transcript of removal hearing held on July 22, 2004, finding that Petitioner
20  had local counsel who "is in the Phoenix area, an hour's drive away and was on the case" and
21  that it was Petitioner's "decision to get co-counsel" and that local counsel had "appeared on

---

24  occurred in Arizona. *See* Ex. D to Pet. (letter from D.H.S. issued from Phoenix, Arizona, dated May 24, 2005, to Petitioner at E.D.F.,entitled "Decision to Continue Detention
25  Following File Review" and explaining D.H.S.'s reasons for denying a release under an order of supervision because Petitioner had failed to demonstrate that he "would not pose a
26  flight risk or be a threat to society"); Ex. E to Pet. (letter from Petitioner's lawyer, dated Oct. 26, 2005, to Officer Lambert-Ray in Eloy, Arizona, seeking Petitioner's release); Ex. G to
27  Pet. (letter from Petitioner's lawyer, dated June 23, 2005, to Officer Lambert-Ray in Eloy, Arizona, seeking Petitioner's release); Ex. H to Pet. (letter from Petitioner's lawyer, dated
28  May 16, 2005, to Officer Lambert-Ray in Eloy, Arizona seeking Petitioner's release).

7

1 the case numerous times, and was the one that prepared the documents and the supporting
2 documents to submit to the Court").[8]

3 Petitioner mistakenly focuses on the location of the events underlying the removal
4 order. *See* Opp'n at 2 (stating that "the crime for which he became deportable took place in
5 the Northern District" and that "[t]he witnesses and evidence necessary to adjudicate his
6 request for a waiver . . . are all located in Northern California"). While it is true that the
7 actions giving rise to the removal proceedings occurred in this district, Petitioner is not
8 challenging his removal in this petition, but rather his detention. As noted above, all of the
9 actions surrounding his detention took place in Arizona. Other than the "I-862 charging
10 document," discussed *supra* n. 7, Guajardo is unable to point to any evidence regarding his
11 detention that supports hearing the petition in this district. Accordingly, based on traditional
12 venue considerations, the District of Arizona is the proper venue to hear this petition.

## C. Transfer rather than dismissal

Although this petition was filed in the wrong district, the Court can either dismiss the case or transfer it to a district in which the case could have been brought. Specifically, 28 U.S.C. section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

Here, the case could have been originally filed in the District of Arizona and neither party opposes this Court's transfer of the case to the District of Arizona.[9] Further, "transfer

---

[8] Petitioner also asserts that he would be prejudiced by litigating in Arizona because he "likely would be required to retain new or local counsel in Arizona, since his counsel has no office in Arizona and could not practically provide adequate representation" in Arizona. Opp'n at 2. Yet, this is also undercut by Petitioner's past retention of local counsel and Guajardo's appearance before the I.J. in Arizona.

[9] Petitioner acknowledged at oral argument that this Court could transfer the petition to the District of Arizona, but argued that in the interest of preserving judicial resources this Court should retain jurisdiction. Because the Court finds that transfer is the appropriate course of action, it rejects Petitioner's argument that this Court should retain the case.

8

will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962) (discussing transfer under 28 U.S.C. § 1631, which has the same interest of justice requirement as 28 U.S.C. § 1406(a)).  It is in the interest of justice to transfer this case to the District of Arizona, rather than dismiss it because "'dismissal of the action would only cause [petitioner] to incur the additional expense of filing the same habeas corpus petition' in [the] proper district." *Tenrreiro*, 2004 U.S. Dist LEXIS 14005, at *5 (quoting *Roman v. Ashcroft*, 340 F.3d 314, 328-29 (6th Cir. 2003)).

     The Court also notes that ordering the transfer of the petition to the District of Arizona is appropriate under 28 U.S.C. section 1631.  In pertinent part, 28 U.S.C. section 1631 states:

> Whenever a civil action is filed . . . and th[e] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it was transferred.

28 U.S.C. § 1631.  While it is unclear if "jurisdiction" as used in section 1631 refers only to subject matter jurisdiction or more broadly to personal jurisdiction and venue, the Court notes that at least one district court in the Ninth Circuit has used "jurisdiction" in the broader sense. *See Tenrreiro*, 2004 U.S. Dist. LEXIS 14005, at *4-5 (finding transfer appropriate under 28 U.S.C. section 1631 because "a court may transfer to cure lack of jurisdiction to any court in which the action could have been brought" and referring to "habeas jurisdiction"). Thus, applying this logic, the Court finds that, for the reasons articulated for transfer under 28 U.S.C. section 1406(a), transfer to the District of Arizona is in the interest of justice.

### IV. CONCLUSION

     The "district of confinement" rule states that for core habeas petitions challenging present physical confinement (i.e. detention), the appropriate district is the district of

9

1  confinement, which in this case is the District of Arizona.  Even accepting Petitioner's
2  argument that this case is governed by traditional venue considerations, Petitioner's
3  argument fails.  As discussed above, traditional venue considerations demonstrate that venue
4  is proper in the District of Arizona, rather than in the Northern District of California.

5      The Court, however, has the discretion to transfer the petition rather than dismiss it.
6  Accordingly, this Court construes Respondents' motion to dismiss as a motion to dismiss or
7  transfer and ORDERS the transfer of this case to the District of Arizona under 28 U.S.C.
8  sections 1406(a) and 1631.  The Clerk shall close the file and transfer the petition to the
9  District of Arizona.

**IT IS SO ORDERED.**

Dated: April 12, 2006

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT